IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| HARRY ROLAND,<br><br>　　　　Plaintiff<br><br>　　vs.<br><br>WELLPATH, DR. MARY HOWICK,<br>KIIM SMITH, E. SNYDER, BOB<br>RUMCIK, and BRAD AVENOTI,<br><br>　　　　Defendants | )<br>)　1:24-CV-00311-RAL<br>)<br>)<br>)　RICHARD A. LANZILLO<br>)　Chief United States Magistrate Judge<br>)<br>)　OPINION ON DEFENDANTS'<br>)　MOTION TO DISMISS, OR<br>)　ALTERNATIVELY, FOR JUDGMENT<br>)　ON THE PLEADINGS<br>)<br>)　RE: ECF NO. 43<br>)<br>) |

I.　　Introduction

Defendants Wellpath, Dr. Mary Howick, and E. Snyder have moved to dismiss all claims against them under Fed. R. Civ. P 12(b)(6) or, alternatively, for judgment on the pleadings under Fed. R. Civ. P 12(c). ECF No. 43. For the reasons explained below, the Court will grant Defendants' motion to dismiss and deny as moot its alternative request for judgment on the pleadings.

II.　　Relevant Procedural History

Plaintiff Harry Roland is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"). He contends that medical providers employed by the DOC and Wellpath, a limited liability company contracted to provide medical services to inmates in DOC custody, violated his Eighth Amendment right to be free

from cruel and unusual punishment by displaying deliberate indifference to his serious medical needs while he was incarcerated at SCI-Forest. ECF No. 1-2. In the instant motion, Defendants Wellpath and two individuals employed by or otherwise associated with Wellpath who provided or authorized medical services at SCI-Forest – Medical Director Dr. Howick and Physician's Assistant (PA) Snyder (collectively, "Medical Defendants") – seek dismissal of all claims based on the discharge and release in bankruptcy approved by the United States Bankruptcy Court for the Southern District of Texas in *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex. Nov. 11, 2024).[1]

By way of background, on November 15, 2024, Wellpath filed a Suggestion of Bankruptcy and Notice of Automatic Stay, reflecting that on November 11, 2024, Wellpath Holdings, Inc. ("Wellpath Holdings") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. ECF No. 9 (citing *In re Wellpath Holdings*, No. 24-90533). Wellpath Holding's filing extended debtor status to various affiliated entities, including Wellpath, LLC, and triggered the automatic stay of Section 362(a) of the United States Bankruptcy Code as to all lawsuits against Wellpath Holdings and such affiliated entities. On November 25, 2024, this Court stayed this action in accordance with Section 362(a). ECF No. 10.

---

[1] The remaining Defendants – DOC employees Brad Avenoti, Bob Rumcik, and Kim Smith (collectively, the "DOC Defendants") – have filed a separate Motion for Summary Judgment. *See* ECF No. 55.

On May 1, 2025, Wellpath Holdings filed a Confirmation of the Plan of Reorganization under Chapter 11 of the Bankruptcy Code ("Plan").[2] *See In Re Wellpath Holdings*, No. 24-90533, at Doc. No. 2596. This Court lifted its stay of the present action as to all non-debtor defendants on June 2, 2025. *See* ECF No. 20. On October 6, 2025, the Wellpath Defendants filed the instant motion to dismiss based on the discharge in bankruptcy pursuant to the Bankruptcy Court's order confirming the Plan. ECF No. 43.

The Court ordered Roland to respond to the motion by November 6, 2025. ECF No. 53. To date, Roland has not responded to the pending motion or requested an extension of time to do so.[3]

III.    Discussion

Pursuant to Article IX.A. of the Plan, all Claims and Causes of Action against the Debtors as defined in the Plan (which includes Wellpath, LLC) are discharged as follows:

> the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in the Debtors or any of their assets or properties.

Plan, Article IX.A, ECF No. 43-1 at p. 129.

---

[2] The Court takes judicial notice of the proceedings in the Bankruptcy Court. *See McDonald v. Jones*, 427 Fed. Appx. 84, 85 (3d Cir. 2011) (district court may take judicial notice of proceedings in other courts that are matters of public record) (citing *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir.2007)).

[3] Nor, for that matter, did Roland file a response to the DOC Defendants' Motion for Summary Judgment. That response was due on March 16, 2026. *See* ECF No. 59.

3

Furthermore, under Article IX.F of the Plan, holders of Claims and Causes of Action that are discharged or released are permanently enjoined from, among other things,

> (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Plan, Article IX.F, *id.*, at 134.

Under the terms of the Plan, Wellpath, LLC is discharged from liability for all claims that arose prior to November 11, 2024. *See In Re Wellpath Holdings, No. 24-90533*, at Bankr. Doc. Nos. 2596, 2679, 2680. A discharge of a Chapter 11 bankruptcy debtor "operates as an injunction against commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). Therefore, Roland cannot proceed with his claims against

4

Wellpath, LLC in this action. *See Perez-Martinez v. County of Union Penna*, 2025 WL 2004700, at *6 (E.D. Pa. July 17, 2025) ("This court is not the proper forum for Perez to pursue his claims against Wellpath, which was discharged from liability by the United States Bankruptcy Court for the Southern District of Texas, Houston Division, for claims that arose prior to November 11, 2024."); *Lewis v. Kimberly L. Smith*, 2026 WL 1335936 (W.D. Pa. Apr. 24, 2026) (same).

The same result is warranted as to Roland's claims against Howick and Snyder. As outlined in the Plan, only holders of defined Claims or Interests who affirmatively elected to opt out of the Plan's Third-Party Release may bring or continue to pursue claims against the Non-Debtor Defendants, including employees of the Debtors or employees of the Post Restructuring Debtors. *See* Plan, Article IX.F, ECF No. 43-1 at p. 134 ("provided, that, for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties."). In contrast, holders of Claims or Causes of Action against the Debtors or against Non-Debtor Defendants subject to the Third-Party Release who did not affirmatively opt out of the Third Party Release are permanently enjoined from taking any action, including the commencement, further prosecution of, or collection efforts, against the Debtors or Non-Debtor Defendants. *Id.*

Incarcerated individuals who held Claims of Causes of Action against the Debtors or Non-Debtor Defendants had "90 days after the Confirmation Date" – or until July 30, 2025 – to opt-out from the Third-Party Release set forth in Section IX.D

of the Plan. Plan, Article I.A.178, ECF No. 43-1 at p. 82. A review of the bankruptcy docket for *In Re Wellpath Holdings*, No. 24-90533, confirms that Roland did not opt out of the Third-Party Release. As a result, he has not preserved his claims against Howick and Snyder, who are Wellpath employees, and is enjoined from asserting his claims against them here. *See Williams v. The Geo Group*, 2025 WL 2325649, at *9 n.11 (E.D. Pa. Aug. 11, 2025) ("absent any information that Williams has opted out of the Third-Party Releases or otherwise taken action in the Bankruptcy Court, the claims against [defendant] or any other Wellpath employee may be barred by the injunction contained in the confirmed Chapter 11 Plan."). Therefore, all claims against Defendants Howick and Snyder must be dismissed from this action.

IV.    Conclusion

For the foregoing reasons, the Wellpath Defendants' motion to dismiss based on discharge in bankruptcy will be granted and all claims against Wellpath, Dr. Howick, and PA Snyder will be dismissed. The Wellpath Defendants' alternative request for judgment on the pleadings will be denied as moot.

An Order will follow separately.

Dated this 11th day of June, 2026.

BY THE COURT

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

6